UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Civil Action No. 09-4578 (SRC) |
| Plaintiff, | : | |
| | : | **OPINION AND ORDER** |
| v. | : | |
| | : | |
| CHARLES D. CONWAY | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |
| | : | |

**CHESLER**, District Judge

    This matter comes before the Court upon two motions filed by Defendant Charles D. Conway ("Conway"). On March 16, 2010, Conway filed two motions: 1) a motion requesting that the Court order the government to provide Petitioner with a copy of grand jury transcripts[1]; and 2) a motion to amend his Section 2255 petition.

    Conway asserts that the grand jury materials requested are needed in order to adequately prepare his Section 2255 petition. Specifically, Defendant seeks to review and copy opening and closing statements, any exchanges between the AUSA and the grand jury concerning Defendant, and other similar materials. The United States of America opposes the motion and asserts that Defendant Conway has not sufficiently alleged that the AUSA engaged in prosecutorial

---

[1] Defendant made a similar request on September 16, 2008. The Court denied the request on the grounds that Defendant failed to demonstrate his entitlement to the requested relief by failing to show that the requested materials fell within an exception of Fed. R. Crim. P. 6(e). The Court denies the instant request for the same reason.

misconduct or that the indictment should be dismissed.  The Court agrees with the Government that Defendant has failed to demonstrate his entitlement to these materials.  Federal Rule of Criminal Procedure 6(e)(2)(B) prohibits the Government from disclosing the grand jury transcripts.  An exception to this rule, provides that, a defendant who shows that a ground may exist to dismiss the indictment may be entitled to such materials. 6(e)(3)(E)(ii).  As Defendant has failed to demonstrate any grounds that the indictment should be dismissed, the Government shall not produced the requested materials.  Defendant has failed to allege anything demonstrating grounds to dismiss the indictment.  Defendant argues that his Section 2255 motion provides factual assertions in support of the alleged prosecutorial misconduct which, in turn, provides grounds for dismissing the indictment.  Defendant's primary assertion is that his failure to testify for a second time is grounds to dismiss the indictment.[2]  A second appearance is not required, nor did Defendant raise this argument at his plea hearing or appeal.  Petitioner has once again failed to demonstrate that the requested materials fall within the exceptions of Rule 6.

      Defendant also moves to amend his Section 2255 petition under Federal Rule of Civil Procedure Rule 15(a).

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure

---

[2] In his Section 2255 motion, Defendant provides a list of additional conclusory assertions in support of his claim of prosecutorial misconduct.  (See, e.g., Section 2255 Motion at 51) ("subverting Defendant's presumption of innocence";  "setting a 'perjury trap'"; "denying defendant of his right to counsel at a 'critical stage'").  McDonnell v. United States, 4 F.3d 1227, 1247 (3d Cir. 1993) ("the party seeking disclosure must establish that the grand jury material sought falls within [a Rule 6 exception]").  These conclusory assertions are not sufficient to establish the existence of any of the exceptions to Rule 6.  Furthermore, the Court notes that on March 31, 2004, Defendant pled guilty to various counts.  Defendant failed to raise any concerns regarding prosecutorial misconduct at the plea hearing - or any time before the Section 2255 motion.

>deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be "freely given." Foman v. Davis, 371 U.S. 178, 182 (1962).

Petitioner filed his Section 2255 Petition in September 2009. Part 1, comprising over 70 pages, was filed on September 9, 2009. Part 2, comprising over 130 pages was filed on September 28, 2009. Part 3, comprising over 50 pages, was filed on October 30, 2009. Subsequently, Defendant filed five additional pleadings called "Erratum and Addendum," which were filed on January 26, February 17, February 23, March 3 and March 15, 2010. In total, over the course of six months, Defendant has filed 8 different documents totaling over 400 pages. The Court holds that amendment would not be proper. First, the Government has already opposed the massive initial pleading and to force the Government to oppose an amended petition (when Defendant has already submitted five separate addenda) would be an undue prejudice to the Government. Furthermore, as evidenced by the mass of repetitive and confusing material submitted by Defendant, it is reasonable to infer that Defendant may be acting with some dilatory motive or bad faith. Foman, 371 U.S. at 182.

      Accordingly, for the reasons discussed above,

      **IT IS** on this 30th day of March, 2010,

      **ORDERED** that the motion to produce grand jury materials be and hereby is **DENIED**; and it is further

      **ORDERED** that the motion to amend be and hereby is **DENIED**.

                              s/ Stanley R. Chesler
                              Stanley R. Chesler, U.S.D.J