UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES D. CONWAY,<br><br>                  Petitioner,<br><br>          v.<br><br>UNITED STATES OF AMERICA,<br><br>                  Respondent. | **Civil Action No. 09-4578 (SRC)**<br><br>**OPINION AND ORDER** |

**CHESLER**, District Judge

      This matter comes before the Court upon the motion to conduct discovery, expand the record of the pending Section 2255 petition, proceed in forma pauperis and obtain appointment of counsel (docket item #31).  Respondent United States of America filed an opposition to this motion and also requests that Petitioner seek leave of court before filing any additional motions, amendments or other pleadings regarding the pending Section 2255 petition (docket item #33).  Petitioner filed a reply on May 7, 2010 (docket item #38).  For the reasons set forth below, the motion to conduct discovery, expand the record of the pending Section 2255 petition and obtain appointment of counsel (docket item #31) will be denied by the Court.  The request to proceed in forma pauperis (docket item #31) will be granted.  The request to prohibit Petitioner from filing any further motions, amendments or other pleadings without first seeking leave of Court is hereby granted.

Requests for Discovery and Counsel

Petitioner requests that the Court permit him to obtain the legal files regarding Petitioner that are in the possession of the Lisa Van Hoeck of the Office of the Federal Public Defender and Michael E. Wilbert. Petitioner asserts that these files are related to, and would assist with, Petitioner's ineffective assistance of counsel and prosecutorial misconduct claims as put forth in his pending Section 2255 motion. Petitioner also requests the complete file with respect to the grand jury proceeding to facilitate the Section 2255 motion.

Rules 6(a) & (b) of the Rules Governing Section 2255 states:

> A judge may, for good cause, authorize a party to conduct discovery . . . If necessary for effective discovery, the judge may appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. Section 3006A. . . a party requesting discovery must provided reasons for the request. The request must also include proposed interrogatories and requests for admission, and must specify any requested documents.

As an initial matter, by Opinion and Order dated March 30, 2010, the Court denied a similar request by Petitioner. In that Opinion, the Court held that "[a]s Defendant has failed to demonstrate any grounds that the indictment should be dismissed, the Government shall not produced the requested materials." Similarly, here, Petitioner has failed to comply with the requirements of Rules 6(a) & (b) of the Rules Governing Section 2255. Specifically, Plaintiff simply concludes that the requested materials "may contain" facts in support of his Section 2255 motion.[1] In short, Petitioner has failed to demonstrate "good cause" pursuant to Rule 6 and the

---

[1] In addition, aside from requesting complete files, the request fails to "include proposed interrogatories and requests for admission, and must specify any requested documents." Rule 6(b). Petitioner replies that, at this time, he is not seeking interrogatories or requests for admission. While, in his reply, Petitioner has further specified the documents he seeks, he remains unable to demonstrate "good cause" for the requested discovery.

request for discovery will be denied.[2]

Furthermore, Rule 6(a) permits a Judge to appoint counsel for indigent movants "if necessary for effective discovery." United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir. 1990). As discussed supra, given that Petitioner has failed to demonstrate good cause for discovery, the request for counsel is also denied.

Request to Expand the Record

Petitioner asserts that "[f]urther investigation and factual development is necessary to uncover all incidents of gross prosecutorial misconduct." (Motion at 11.) Rule 7 of the Rules Governing Section 2255 provides that "[i]f the motion is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the motion." Additionally, the Advisory Notes to Rule 7 state "[i]t is less likely that the court will feel the need to expand the record in a Section 2255 proceeding than in a habeas corpus proceeding, because the trial (or sentencing) judge is the one hearing the motion . . . and should already have a complete file on the case in his possession." As evidenced by the over 400 pages of submissions relating to the Section 2255 motion, the Court is convinced that the record is sufficient. Petitioner has failed to demonstrate any basis for expansion of the record.

---

[2] Furthermore, given that Plaintiff plead guilty on numerous counts, the Court is unconvinced that any discovery would support Plaintiff's position. On March 31, 2004, pursuant to a plea agreement, Petitioner pled guilty to Count 5 (mail fraud), Count 15 (money laundering), Count 26 (obstruction of justice), Count 27 (witness tampering), Count 28 (perjury), and Counts 29-33 (tax evasion).

<u>United States' Request to Prohibit Petitioner from Filing Additional Pleadings Concerning His Section 2255 Petitioner Without Leave of Court</u>

As stated in the prior Opinion and Order of the Court, dated March 30, 2010, Petitioner filed his Section 2255 Petition in September 2009.  Part 1, comprising over 70 pages, was filed on September 9, 2009.  Part 2, comprising over 130 pages was filed on September 28, 2009.  Part 3, comprising over 50 pages, was filed on October 30, 2009.  Subsequently, Defendant filed five additional pleadings called "Erratum and Addendum," which were filed on January 26, February 17, February 23, March 3 and March 15, 2010.  In total, over the course of six months, Defendant has filed 8 different documents totaling over 400 pages.  As provided for under Rule 5 of the Rules Governing Section 2255, the Government opposed the motion and Petitioner replied to the opposition.  Given the breadth of the record, and in the interest of judicial efficiency, the Court grants the United States' request to prohibit Petitioner from submitting additional filings regarding the Section 2255 motion, without first seeking leave of Court.

<u>Petitioner's Application to Proceed In Forma Pauperis</u>

As discussed supra, the court has denied Petitioner's request for appointment of counsel.  In addition, Petitioner has moved to proceed <u>in forma pauperis</u>.  Upon review of Petitioner's affidavit of indigence, the application to proceed <u>in forma pauperis</u>, pursuant to 28 U.S.C. § 1915(a), is granted.

This matter having been brought before this Court on the application by Petitioner Conway to conduct discovery, expand the record of the pending Section 2255 petition, proceed in forma pauperis and obtain appointment of counsel (docket item #31);

**IT IS** on this 2nd day of June, 2010

**ORDERED** that Plaintiff's application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a), is **GRANTED**; and it is further

**ORDERED** that the request for discovery be and hereby is **DENIED**; and it is further

**ORDERED** that the request for appointment of counsel be and hereby is **DENIED**; and it is further

**ORDERED** that the request to expand the record be and hereby is **DENIED**; and it is further

**ORDERED** that the request of the United States to prohibit Petitioner from submitting additional filings regarding the Section 2255 motion, without first seeking leave of Court be and hereby is **GRANTED**.

                                                s/ Stanley R. Chesler
                                                STANLEY R. CHESLER, U.S.D.J.