UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES D. CONWAY,<br><br>　　　　　　　　　　Petitioner,<br><br>　　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Respondent. | : **Civil Action No. 09-4578 (SRC)**<br>:<br>: **OPINION** |

**CHESLER**, District Judge

This matter comes before the Court upon Charles Conway's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. Section 2255 (docket item #1). Respondent United States of America filed an opposition to this motion (docket item #17). Petitioner subsequently filed a reply (docket item #22) and various erratum and addendum. For the reasons set forth below, the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. Section 2255 (docket item #1) will be denied by the Court.

**Factual Background**

As set forth in the Presentence Investigation Report, on February 5, 2004, a 33-count indictment was returned by a federal grand jury against Petitioner. On March 31, 2004 Petitioner pled guilty to Count 5 (mail fraud), Count 15 (money laundering), Count 26 (obstruction of justice), Count 27 (witness tampering), Count 28 (perjury) and Counts 29-33 (tax evasion). On

December 4, 2004, Petitioner was imprisoned for 78 months and three years of supervised release. A direct appeal was not filed. Petitioner filed an initial section 2255 motion on July 14, 2008. Petitioner subsequently withdrew this Petition and then filed the first part of his all-inclusive Section 2255 Petition on September 4, 2009.

**Analysis**

Petitioner moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. Section 2255. In support of the motion, Petitioner asserts the following: 1) prosecutorial misconduct on behalf of the AUSA during the grand jury proceedings; 2) the erroneous use of the term "proceeds" resulted in misapplication of the money-laundering statute; 3) violation of the privilege against self-incrimination; 4) ineffective assistance of counsel; 5) that counts 1, 2, 3, 4, and 12 were barred by the statute of limitations; 6) that the District Court and Petitioner's defense counsel failed to comply with Rule 11(b)(1) with regard to his guilty plea and Rule 11 with regard to counts 12-33; 7) the Court erred in sentencing Petitioner to 78 months in prison under United States v. Booker, 543 U.S. 220 (2005) and 18 U.S.C. Sections 3553 and 3742; 8) that a perjury trap was set by the Assistant United States Attorney ("AUSA"); 9) there was no requisite predicate offense for count 15; and 10) the AUSA committed various McDade violations.[1]

**Statute of Limitations**

All claims are dismissed on statute of limitations grounds. The one-year statute of limitations for Section 2255 motions runs:

---

[1] Petitioner replies that, as there was no opposition to claims 8-10, the Government must be in agreement with Petitioner on these matters. The Court disagrees, as many of the Government's arguments (e.g. statute of limitations) apply to all claims brought by Petitioner.

>from the latest of – (1) the date on which the judgment of conviction becomes final; 2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; 3) the date on which the right asserted was initially recognized by the Supreme court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. Section 2255(f)

Where, as here, a Petitioner, "does not pursue a timely direct appeal to the court of appeals, his or conviction and sentence becomes final, and the statute of limitations begins to run, on the date on which the time for filing such an appeal expired." Kapral v. United States, 166 F.3d 565, 577. Here, Petitioner did not file a direct appeal. In such a case, the judgment of conviction is final 10 days after the entry of judgment. See Griffith v. Kentucky, 479 U.S. 314 (1987). As judgment was entered on December 13, 2004, the judgment became final on December 27, 2004 (computation excludes weekends and holidays), and the one-year limitation period in which to file a section 2255 motion expired on December 27, 2005. Petitioner's motion was not filed until September 4, 2009, well outside the limitations period.

Petitioner does little to attempt to justify the timeliness of his claims, except those which rely on the Supreme Court's decision in United States v. Santos, 128 S. Ct. 2020 (2008). Thus, all of his other claims are clearly untimely. The Santos decision, which was issued on June 2, 2008, clarified the term "proceeds" as used in connection with money-laundering causes of action. Petitioner claims that, as an inmate, the decision did not become available "for several weeks [after the decisions was issued]" and, therefore, the statute of limitations did not begin to accrue until the decision was issued on June 2, 2008. Assuming, arguendo, that the decision was

3

not made available to Petitioner until "several weeks" after its issuance on June 2, 2008, Petitioner's filing on September 4, 2009 (more than fifteen months later) would still be untimely.[2]

As to the remaining claims, Petitioner claims that he should be excused for his failure to timely file. Petitioner asserts that he did not receive the indictment until after October 18, 2008. The record, however, demonstrates that Petitioner's attorney received the indictment as early as February 9, 2004. (See Arraignment Transcript dated February 9, 2004, p. 2.) Even assuming, arguendo, that Petitioner was not given the indictment until October 18, 2008, he was clearly on notice of the charges against him. The fact that Petitioner may have not be physically handed the indictment until a later date is insufficient to permit an untimely filing. Furthermore, Petitioner's argument that the legal resources available to him are sub-standard, is insufficient to toll the statute of limitations. The right of inmates to meaningful access to the courts does not mean that inmates must be provided with the resources to "transform themselves into litigating engines." See Bounds v. Smith, 430 U.S. 817 (1977). As evidenced by his numerous, detailed submissions, it appears that Petitioner, with a masters degree in law, has been provided

---

[2] Furthermore, 2255(f) states, in relevant part, that the statute of limitations runs from "the date on which the right asserted was initially recognized by the Supreme court, *if that right has been newly recognized* by the Supreme Court and made retroactively applicable to cases on collateral review." (emphasis added). It appears that Petitioner concedes that the Santos decision did not establish any new rights. Here, Petitioner concedes that Santos "made it very clear that a new right was not being created, rather the Supreme Court was telling us what the law happened to be all the time." Ltr from Petitioner to the Court, dated Aug. 12, 2009. Consequently, the statute of limitations could not accrue at the time of the Santos decision. Furthermore, as discussed supra, even if Santos did establish a newly recognized right, Petitioner's motion would still be untimely.

meaningful access to the courts.[3]

Conclusion

For the foregoing reasons, the Court denies Petitioner's motion to vacate, set aside, or correct sentence [docket item #1]. An appropriate form of Order will be filed together with this Opinion.

    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

---

[3] Petitioner asserts that the alleged ineffective assistance of counsel justifies any untimely filings. The Court disagrees. There is no indication that Petitioner's failure to timely file the instant 2255 motion was due, in anyway, to any counsel's ineffective assistance.