NOT FOR PUBLICATION                                                                                        CLOSED

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CHARLES CONWAY<br><br>　　　　　　　　　　Defendant. | **Civil Action No. 09-4578 (SRC)**<br><br>**OPINION & ORDER** |

**CHESLER**, District Judge

　　This matter comes before the Court upon the Motion for Reconsideration, Evidentiary Hearing, and Appointment of Counsel filed by Defendant Charles Conway (docket item #45). The United States has not opposed the motion. The Court has considered Defendant's written submission and, for the reasons discussed below, denies Defendant's motion for reconsideration.

　　Local Civil Rule 7.1(I) creates a procedure by which a court may reconsider its decision upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision. See Bryan v. Shah, 351 F.Supp.2d 295, 297 (D.N.J. 2005); Bowers v. Nat'l Collegiate Athletic Assoc., 130 F.Supp.2d 610, 612 (D.N.J. 2001). The rule requires that a motion for reconsideration be filed within 10 business days after the Court files the order as to which reconsideration is sought. L.Civ.R. 7.1(I). The instant motion for

reconsideration was filed on August 3, 2010, about 25 days after the order challenged by Conway.  Even if the Court were to relax the time line, Conway's motion for reconsideration must be denied for failure to meet the rigorous standard for relief under Rule 7.1(I). Reconsideration is "an extraordinary remedy," which is to be granted "very sparingly."  See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996); Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986).  Our jurisprudence directs that a motion under Rule 7.1(I) may be granted only if: (1) "an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice."  Database Am., Inc. v. Bellsouth Advert. & Publ'g Corp., 825 F.Supp. 1216, 1220 (D.N.J. 1993); North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir 1995).  Indeed, Rule 7.1(I) permits reconsideration only when "dispositive factual matters or controlling decisions of law" were presented to the court but were overlooked.  See Resorts Int'l v. Great Bay Hotel and Casino, 830 F.Supp. 826, 831 (D.N.J.1992); Khair v. Campbell Soup Co., 893 F.Supp. 316, 337 (D.N.J.1995).  Accordingly, a court will reconsider its previous rulings only where convinced that germane information was initially overlooked.

  Conway continues to assert that two decisions issued after Conway's conviction are grounds for reversal.  See United States v. Santos, 128 S. Ct 2020 (June 2, 2008); United States v. Yusuf, 536 F.3d 178 (3d Cir.  2008).  These are the same cases originally relied upon by Plaintiff and considered by the Court in denying Plaintiff's petition.  As far as the statute of limitations (the basis of this Court's prior Order), Conway asserts that his motion was timely by "delivering [his Sec.2255 motion] to the prison authorities at the Butner camp on Feb. 1, 2009."

Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a pro se prisoner's submission will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the Court receives the submission)

In support of his assertion that his filing was timely, Conway relies on docket entries 14 and 27. Docket entry 14 simply confirms that Conway was an inpatient at a heart and lung center on January 26, 2004 and discharged on January 28, 2004. Docket entry 27 is a February 22, 2010 declaration of Conway attesting to the fact that he delivered his petition to the prison authorities at the Butner camp on February 1, 2009. While the declaration meets the technical requirements of 28 U.S.C. Sec 1746, the Court does not consider the declaration credible evidence. The cover letter submitted with Conway's petition clearly demonstrates that the submission left Conway's hands on August 3, 2009 (docket entry 1). As judgment was entered on December 13, 2004, the judgment became final on December 27, 2004 (computation excludes weekends and holidays), and the one-year limitation period in which to file a section 2255 motion expired on December 27, 2005. August 3, 2009 (and February 1, 2009) are clearly not within the applicable statute of limitations.

As stated, Petitioner does little to attempt to justify the timeliness of his claims, except those which rely on the Supreme Court's decision in United States v. Santos, 128 S. Ct. 2020 (2008). Thus, all of his other claims are clearly untimely. The Santos decision, which was issued on June 2, 2008, clarified the term "proceeds" as used in connection with money-laundering causes of action. Petitioner claims that, as an inmate, the decision did not become available "for several weeks [after the decisions was issued]" and, therefore, the statute of limitations did not begin to accrue until the decision was issued on June 2, 2008. Assuming,

arguendo, that the decision was not made available to Petitioner until "several weeks" after its issuance on June 2, 2008, Petitioner's filing on August 3, 2009 (more than fourteen months later) would still be untimely.  Defendant has not persuaded the Court that reconsideration is warranted to correct a clear error of law or to prevent manifest injustice.  As the motion for reconsideration is denied, there will be no need for an evidentiary hearing or appointment of counsel.

Accordingly, **IT IS** on this 25th day of August, 2010,

**ORDERED** that Conway's Motion for Reconsideration of this Court's July 8, 2010 Order [docket item # 45] be and hereby is **DENIED**; and it is further

**ORDERED** that the request for an evidentiary hearing is **DENIED**; and it is further

**ORDERED** that the request for appointment of counsel is **DENIED**; and it is further

**ORDERED** that this case is **CLOSED.**

    s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J